# PHILLIPS & SAGER v. KERN.

(Court of Appeals of District of Columbia. Submitted February 9, 1921. Decided March 7, 1921.)

## No. 3427.

1. **Appeal and error** ⬤⟲204(1)—**Objection and exception necessary to consideration of admission of evidence.**

   Error assigned in admitting evidence need not be considered, where no objection was interposed or exception reserved to the admission of the evidence.

2. **Corporations** ⬤⟲519(2)—**Evidence of stock ownership of individual incompetent on issue as to whether latter or corporation contracted with party suing corporation.**

   In an action against a corporation for breach of contract, where the defense was that an individual, and not the corporation contracted with plaintiff, evidence for plaintiff that the individual named owned 50 per cent. of the capital stock of the corporation was immaterial and incompetent.

3. **Appeal and error** ⬤⟲1050(1)—**Evidence of stock ownership held prejudicial on question of identity of contractor.**

   In an action against a corporation for breach of a contract, where the crucial issue of fact was whether plaintiff contracted with the corporation or with an individual evidence erroneously admitted that the individual named owned 50 per cent. of the stock of the corporation was highly prejudicial to defendant.

4. **Evidence** ⬤⟲246—**Letters by attorney, before he represented plaintiff, not admissible for defendant.**

   In an action for breach of a contract to construct a house, and convey the lot and house to plaintiff, letters written by the present counsel for plaintiff, before he represented plaintiff, showing that the contract for the lot was made by an individual, and not by the defendant corporation, were not admissible against the plaintiff, especially in view of the fact that it was immaterial who purchased the lot that was to be conveyed to plaintiff, if defendant in fact contracted to convey it.

5. **Evidence** ⬤⟲543(3)—**Witness held not qualified to state cost of house.**

   In an action for breach of a contract to construct for plaintiff a house similar to a specified sample house, a witness who qualified as to knowledge of the cost of building materials, but who stated that his only examination of the sample house was going around outside it, and that he did not know of the materials used therein, the finish, or equipment, was not qualified to give evidence of the value of the house to be constructed for plaintiff.

6. **Vendor and purchaser** ⬤⟲351(1)—**Measure of damages for breach of contract to build and convey stated.**

   In an action for breach of a contract to build a house, and convey it and the lot to plaintiff, the measure of damages is not the difference between the contract price and the cost of building the house at the time of the default, but was the difference between the contract price and the market value of the house and lot at the time of default, which was the expiration of the period after the completion of the title within which the house could reasonably have been built, taking into consideration the building conditions generally prevailing.

7. **Evidence** ⬤⟲113(8)—**Cost of erecting does not show market value of house.**

   In an action for breach of contract to build a house, and convey it and the lot to plaintiff, evidence on behalf of plaintiff of the cost of erecting the house at the date of default, either with or without proof of the value,

of the lot, is not sufficient to establish the market value of the property, which would be the price that the property so located would sell for upon the open market.

Appeal from the Supreme Court of the District of Columbia.

Action by John P. Kern against Phillips & Sager, a corporation, for breach of contract. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

W. Gwynn Gardiner, of Washington, D. C., for appellant.

Alex H. Bell, P. H. Marshall, and F. J. Rice, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a judgment for damages for breach of contract.

It appears that appellee, Kern, hereafter referred to as plaintiff, in 1917 entered into a contract alleged to have been made with appellant company, defendant below, under which it agreed to build a house on the north part of lot 16, square 986, in the city of Washington, and convey the property thus improved to plaintiff for the sum of $4,-500. To accomplish this, William S. Phillips, of the defendant company, purchased lot 16 for $2,100 cash, it being understood that there would be room thereon for the erection of three houses, and plaintiff contracted to purchase the north house. The contract specified that the house was to be a duplicate of a sample house which had been previously erected at Eleventh and Oaks Streets, Northwest, in this city, with certain minor changes specified in the contract.

Trouble was encountered in perfecting the title to the lot, which necessitated delay. The parties, however, extended the contract to meet this contingency. When the title was completed, plaintiff went to the office of defendant company and asked Mr. Sager "what he intended to do about the house—whether he was going to build the house or not?" To which Sager replied, "You don't expect me to build a house to-day for $4,500, which would cost me $6,500 to build it?" The house was not built, or the contract carried out. This action was brought to recover damages for its breach. From a judgment for plaintiff in the sum of $1,500, the case comes here on appeal.

[1] Error is assigned in admitting the conversation between plaintiff and Sager, on the ground that Sager, being the vice president and treasurer of the corporation, could not, by his admission, bind the corporation. We are relieved, however, from the consideration of this assignment, since no objection was interposed or exception reserved to the admission of this testimony.

The contract was in the usual form employed by agents in the sale of real estate in this District. It contained, among other conditions, a stipulation that "this contract is made subject to approval by owner." It was signed:

"Phillips & Sager, Agents. By J. Arthur Lewis, Salesman. Accepted by John P. Kern, Purchaser. Address: 1125 D N. E.; 218 or 228 Tenn. Ave., N. E. Title to be in the name of John P. Kern; his wife, Hazel B., as joint tenants. Accepted by ——, Owner."

The corporation defended upon the ground that it was a contract between plaintiff and William S. Phillips, and that the corporation merely acted as agent in negotiating the sale. This constituted the chief issue of fact, and, as such, was submitted by the court to the jury under proper instructions.

[2, 3] In the course of the trial, plaintiff, over objection of defendant, was permitted to prove that William S. Phillips owned 50 per cent. of the capital stock of the Phillips & Sager corporation. There is no theory upon which this evidence can be held admissible. Plaintiff pitched his case upon a contract with the corporation, and not with Phillips individually. It is therefore immaterial who the stockholders are, or the number of shares they respectively own. Proof that Phillips owned 50 per cent. of the stock was highly prejudicial, for the influence it may have had upon the jury in determining the crucial issue of fact as to whether plaintiff contracted with Phillips or the corporation.

[4] Error is assigned upon the refusal of the court to admit in evidence two letters written by P. H. Marshall, present counsel for plaintiff, to William S. Phillips. The letters were written on behalf of the heirs of Henry Koons, the vendee in the contract which Phillips made for the purchase of the lot, calling upon Phillips to complete his contract and threatening him, upon failure to do so, with suit for specific performance. These letters were written before Marshall became counsel for plaintiff. They are not admissible, therefore, even for the purpose of creating an inference that plaintiff had knowledge, through his attorney, of the fact that Phillips was the principal in the present contract. It may here be suggested that the fact that Phillips purchased the lot from Koons has only remote relevancy to the present contract, since Phillips may well have purchased the lot, and the corporation have contracted to build the house for plaintiff and convey to him a portion of the lot. In other words, it was of little concern to plaintiff who purchased the lot, so long as he was given a valid title to the portion he contracted for.

[5] A further ground for reversal of the judgment consists in the failure of the proof to establish a proper basis for the computation of damages. A witness was called to prove the cost of reproducing the sample house on the lot in question at or about the time of the alleged default. The witness, after qualifying as to his knowledge of the value and increased cost of building materials in December, 1917, testified:

"I think a building of that type, comparing it with a building, a similar building, 1 erected at that time, at that approximate time, it would be worth about, I should say, $5,500."

But, when questioned as to the examination he made of the sample house, he stated that he could not get inside of the house, but "simply went around it, and looked at it, and gave it a pretty good view." He did not pretend to testify as to the character of materials used in its construction; the kind of heating plant, if it contained one at all; whether it was lighted by gas or electricity, or neither; the number of

rooms; the quality of finish; the kind and extent of plumbing, if any; or any of the most essential elements to be considered in determining the cost of building a house. It was error to permit this evidence to go to the jury.

[6] The court instructed the jury that—

"The measure of the recovery that Mr. Kern, the plaintiff, would be entitled to, in the way of damages, would be the difference between the contract price of this property, as specified in this written contract, and the cost of building that house at the time of the default, if you find that there was a default."

The true measure of the damage was not the difference between the contract price and the cost of building the house, but the difference between the contract price and the market value of the portion of the lot purchased, with the house erected thereon, at the date of the default; the date of default being the expiration of the period after the completion of the title within which the house could reasonably have been built, taking into consideration the building conditions generally prevailing in the District of Columbia at that time.

[7] But the testimony totally fails to meet this standard. No proof was offered as to the size of the lot to be conveyed, or as to its value. It must not be lost sight of, however, that this suit is not for the breach of a building contract, but of a contract for the purchase of real estate. Proof, therefore, of the value of the lot and the cost of erecting the house at the date of default would not in themselves establish the market value of the property, since the real market value at that time would be the price that such a property, so located, would sell for upon the open market. Upon this point no evidence whatever was adduced.

The judgment is reversed with costs, and the cause is remanded for a new trial.

Reversed and remanded.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.